317

Opinion by Keefe, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that the merchandise is properly dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, on the basis of the net weight of the contents of the cans less 10 percent allowance for the gelatinous material.

**No. 44335.**—Protests 847548–G, etc., of John Thallon & Co., Inc. (New York).

Opinion by Keefe, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that the merchandise is properly dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, on the basis of the net weight of the contents of the cans less 10 percent allowance for the gelatinous material.

**No. 44336.**—Protests 844172–G(E), etc., of Ampol, Inc. (New York).

Opinion by Keefe, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that the merchandise is properly dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, on the basis of the net weight of the contents of the cans less 10 percent allowance for the gelatinous material.

**No. 44337.**—Protests 29725–K, etc., of Brooklyn Packing Co., Inc., et al. (New York).

Opinion by Keefe, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that the merchandise is properly dutiable at 3¼ cents per pound under paragraph 703. Tariff Act of 1930, on the basis of the net weight of the contents of the cans less 10 percent allowance for the gelatinous material.

**No. 44338.**—Protests 29304–K, etc., of J. S. Hoffman Co., Inc. (New York).

Opinion by Keefe, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that the merchandise is properly dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, on the basis of the net weight of the contents of the cans less 10 percent allowance for the gelatinous material.

**No. 44339.**—Protests 28269–K, etc., of Baltic Trading Co. et al. (New York).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that the merchandise is properly dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, on the basis of the net weight of the contents of the cans less 10 percent allowance for the gelatinous material.

**No. 44340.**—Protests 28265–K, etc., of J. Sammes (New York).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that the merchandise is properly dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, on the basis of the net weight of the contents of the cans less 10 percent allowance for the gelatinous material.

**No. 44341.**—Protests 12106–K, etc., of Continental Commerce Agency et al. (New York).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343 C. D. 358) it was held that the merchandise is properly dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, on the basis of the net weight of the contents of the cans less 10 percent allowance for the gelatinous material.

**No. 44342.**—Protests 980786–G, etc., of Nippon Trading Co. (San Francisco).

Opinion by KEEFE, J.   In the absence of proof that the glaze applied to the earthenware in question is transparent and does not contain an ivory tint, the protests were overruled.   *Meakin* v. *United States* (T. D. 41843) followed.

**No. 44343.**—Protests 787903–G, etc., of Butler Bros. (Seattle).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and on the authority of *Butler* v. *United States* (4 Cust. Ct. 120, C. D. 303) the Rockingham earthenware in question was held dutiable at 25 percent under paragraph 210 as claimed.

**No. 44344.**—Protest 8868–K of Balfour, Guthrie & Co. (New York).

Opinion by KEEFE, J.   On the authority of *Balfour* v. *United States* (27 C. C. P. A. 17, C. A. D. 55, affirming C. D. 58), the protest was overruled.

**No. 44345.**—Protest 757862–G of W. Doshim (Boston).